```
          FILED          RECEIVED
          ENTERED        SERVED ON
                    COUNSEL/PARTIES OF RECORD

              JAN 2 6 2011

           CLERK US DISTRICT COURT
              DISTRICT OF NEVADA
          BY:                    DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN R. NEFF, | ) |
| Plaintiff, | ) |
| vs. | ) 3:09-cv-00672-RCJ-VPC |
| RONALD BRYANT et al., | ) ORDER |
| Defendants. | ) |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The Court has granted Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claim regarding the review of his Security Threat Group ("STG") status for failure to exhaust administrative remedies. The Court now reviews the remaining two counts of the Complaint pursuant to 28 U.S.C. § 1915A.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff John R. Neff is a prisoner at the Ely State Prison ("ESP"), a facility of the Nevada Department of Corrections ("NDOC") in Ely, Nevada. (Compl. 1, Sept. 22, 2009, ECF No. 1-2). On January 30, 2009, Plaintiff received a notice of charges ("NOC") accusing him of gang activities and assault. (*Id.* 5:10–12). Plaintiff alleges he was not permitted to introduce evidence in his defense at the March 21, 2009 disciplinary hearing, and that he was denied the opportunity to review the evidence against him because it was confidential. (*Id.* 6:13–21). Plaintiff was found guilty and sanctioned with the loss of "stat time." (*Id.* 6:21–22). His appeals were denied. (*Id.* 6:23–7:1). Plaintiff grieved his STG finding, and his grievance was denied at

all levels. (*Id.* 8:1–8). The Court dismissed the claims arising out of this incident, however, because Plaintiff did not use the administrative remedy required to challenge an STG designation.

In another incident, when legal materials that had been mailed to Plaintiff were withheld from him for being "unauthorized mail" he grieved the incident to exhaustion. (*Id.* 8:23–9:10).

Plaintiff sued the ESP Warden, Eldon K. McDaniel; Correctional Sergeant Ronald Bryant; Correctional Lieutenant Thomas Prince; and Caseworker Robert Chambliss. The Court has dismissed the STG designation for failure to exhaust and now screens the remainder of the Complaint.

## II. LEGAL STANDARDS

### A. Screening

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to

the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B.  Exhaustion**

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)). A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). NDOC utilizes a three-stage grievance procedure: an informal grievance, a first level grievance, and a second level grievance. *See* NDOC Admin. Reg. 740 (Inmate Grievance Procedure), *available at* http://www.doc.nv.gov/ar/pdf/AR740.pdf.

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739–40 n.5). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. The Supreme Court has strictly

construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative defense, and a defendant bears the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003). However, if the affirmative defense of non-exhaustion appears on the face of the complaint, a defendant need not provide evidence showing non-exhaustion. *See Jones*, 549 U.S. at 215. Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 3154 F.3d at 1119. The court may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* "[I]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119–20.

For the purposes of screening, the Court will assume all claims have been exhausted. The Court will not more closely examine the issue unless some claims survive screening and Defendants file motions alleging non-exhaustion of the surviving claims.

### III. ANALYSIS

#### A. Fourteenth Amendment

With respect to the disciplinary hearing, "[p]risoners . . . may not be deprived of life, liberty or property without due process of law . . . . [T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prisoner faces disciplinary charges, prison officials must provide the prisoner with: (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the

prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See id.* at 563–70. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id.* Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id.* In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The Court focused on three factors in determining that the plaintiff in that case possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment"; and (3) the length of the plaintiff's sentence was not affected. *Id.* at 486–87.

Plaintiff's allegations do not state a due process claim because he does not allege facts making plausible any result of the disciplinary hearing that imposes an atypical hardship in relation to the ordinary incidents of prison life. He alleges only a "statutory time referral." Accordingly, Plaintiff's Fourteenth Amendment due process claims against Defendants McDaniel, Bryant and Prince are dismissed.

**B.     First and Eighth Amendments**

With respect to Plaintiff's claim that his legal mail was confiscated in retaliation for filing a lawsuit, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To

establish a prima facie case, a plaintiff must allege and show that the defendant acted to retaliate for his exercise of a protected activity, and that the defendant's actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and his protected activity, e.g., filing a legal action. *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989).

Further, prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354; *Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 & n.4); *Madrid*, 190 F.3d at 996. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362. The right of access to the courts is

limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *See Lewis*, 518 U.S. at 353 n.3 & 354–55; *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1159–60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim"); *Madrid*, 190 F.3d at 995.

Plaintiff brings First Amendment retaliation and access to the courts claims against defendant Chambliss. The retaliation claim may proceed, but the access to the courts claim fails. The most common claim of this type concerns the failure of prison officials to file a pleading for the prisoner when he delivers it to them. Plaintiff claims only that certain legal materials mailed to him were intercepted and withheld as unauthorized. There is a dispute whether the referenced materials were even addressed to him. But in any case, Plaintiff does not allege any actual injury resulting from the withholding of his mail under *Lewis*.

Finally, Plaintiff's complaint does not set forth allegations that implicate his Eighth Amendment rights, and accordingly, his Eighth Amendment claims are dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk shall FILE the Complaint (ECF No. 1-2).

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment due process claim, First Amendment right to petition claim, and Eighth Amendment claim are DISMISSED, with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's First Amendment retaliation claim against Defendant Chambliss MAY PROCEED.

IT IS FURTHER ORDERED that Defendant(s) shall file and serve an answer or other response to the complaint within thirty (30) days following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within thirty (30) days following the order declining mediation.

IT IS FURTHER ORDERED that the parties SHALL DETACH, COMPLETE, AND

1  FILE the attached Notice of Intent to Proceed with Mediation form on or before thirty (30) days
2  from the date of entry of this order.
3      IT IS FURTHER ORDERED that henceforth, Plaintiff shall serve upon Defendants, or, if
4  an appearance has been made by counsel, upon their attorney(s), a copy of every pleading,
5  motion, or other document submitted for consideration by the Court. Plaintiff shall include with
6  the original paper submitted for filing a certificate stating the date that a true and correct copy of
7  the document was mailed to Defendants or counsel for Defendants. If counsel has entered a
8  notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice
9  of appearance, at the address stated therein. The Court may disregard any paper received by a
10 district judge or a magistrate judge that has not been filed with the Clerk, and any paper which
11 fails to include a certificate showing proper service.
12     IT IS SO ORDERED.
13     Dated this 26th day of January, 2011.

_____
ROBERT C. JONES
United States District Judge

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____, )   Case No. _____
                Plaintiff,     )
                               )
                               )
v.                             )   **NOTICE OF INTENT TO**
                               )   **PROCEED WITH MEDIATION**
_____  )
                               )
_____  )
                Defendants.    )
_____  )

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.   Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.   If no, please state the reason(s) you do not wish to proceed with mediation?
_____

_____

_____

_____

3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

_____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____
_____
_____
_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____
_____
_____
_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document